UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**

OCT 2 7 2009

CLERK

|  |  |  |
|---|---|---|
| KELLY J. BAIER, | ) | CIV. 09- 5088 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **COMPLAINT** |
|  | ) |  |
| BITUMINOUS CASUALTY | ) |  |
| CORPORATION, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

COMES NOW, Kelly J. Baier, by and through his attorney of record, Jon J. LaFleur of LaFleur, LaFleur & LaFleur, P.C., of Rapid City, South Dakota, and for his cause of action, states and alleges as follows:

The Parties

I.

Kelly Baier, is a resident of Rapid City, Pennington County, South Dakota.

II.

That Defendant, Bituminous Casualty Corporation, is a duly authorized insurance corporation with it's principal place of business in Rock Island, Illinois and is incorporated outside the state of South Dakota.

1

Jurisdiction

III.

The amount in controversy in this case exceeds the amount of $75,000.

IV.

Jurisdiction is based on 28 U.S.C. § 1332, diversity of citizenship.

Summary of the Facts

V.

From 1988 to August 2005, Kelly Baier, was an employee of Dean Kurtz Construction, Inc., whose business is located in Pennington County, South Dakota.

VI.

In May 2004 x-rays revealed that Kelly Baier had advanced arthritis in both hips.

VII.

Kelly Baier's treating surgeon and Defendant's medical examiner both concluded that Baier's work was a major contributing cause to Baier's hip condition and need for surgery.

VIII.

On August 31, 2004, Kelly Baier's surgeon performed a total right hip replacement and on October 12, 2004, performed a total left hip replacement.

IX.

Kelly Baier incurred medical expenses for the treatment of the injury and was totally disabled from his employment. Kelly Baier made a claim to Defendant for worker's compensation benefits in accordance with the laws of the State of South Dakota.

2

X.

Defendant unreasonably and in bad faith withheld payments of Kelly Baier's statutory worker's compensation benefits even though Defendant knew, or should have known, that Kelly Baier was entitled to said benefits and that the denial of said benefits would cause a severe hardship on Kelly Baier and his family.

XI.

On November 21, 2005, Kelly Baier's surgeon gave Kelly Baier an impairment rating in accordance with the AMA Guide to the Evaluation of Permanent Impairment. Kelly Baier made a claim to Defendant for worker's compensation benefits in accordance with the laws of the State of South Dakota.

XII.

Defendant unreasonably and in bad faith withheld payments of Kelly Baier's statutory worker's compensation benefits even though Defendant knew, or should have known, that Kelly Baier was entitled to said benefits and that the denial of said benefits would cause a severe hardship on Kelly Baier and his family.

XIII.

Kelly Baier returned to work in the middle of January 2005 after his hip replacements. On or about August 25, 2005, Kelly Baier's employer fired him because the employer no longer had any work that was within Kelly Baier's medical restrictions. Kelly Baier made a claim to Defendant for worker's compensation benefits in accordance with the laws of the State of South Dakota.

XIV.

Defendant unreasonably and in bad faith withheld payments of Kelly Baier's statutory

3

worker's compensation benefits even though Defendant knew, or should have known, that Kelly

Baier was entitled to said benefits and that the denial of said benefits would cause a severe hardship

on Kelly Baier and his family.

XV.

Kelly Baier retained legal counsel, who wrote numerous letters to defendant requesting

coverage. Defendant refused.

XVI.

Kelly Baier instituted legal proceedings to enforce his right to coverage.

XVII.

On February 4, 2009, the South Dakota Supreme Court ruled in Kelly Baier's favor and on

March 16, 2009, denied Defendant's Petition for Rehearing forcing Defendant to pay benefits and

affirming Kelly Baier's entitlement to benefits from Defendant related to his hip condition.

Bad Faith

XVIII.

At all times pertinent to this cause of action Defendant owed a duty of good faith and fair

dealing to Kelly Baier concerning it's obligations under South Dakota law and it's policy of

worker's compensation insurance insuring Dean Kurtz Construction, Inc. and Kelly Baier as an

employee of Dean Kurtz Construction, Inc., and that Defendant breached it's duty in the following

respects, but not limited to the following:

     a.     Unreasonably and in bad faith withheld payment of Plaintiff, Kelly Baier's statutory worker's compensation benefits at a time when the Defendant knew that Plaintiff was entitled to the benefits;

     b.     Defendant did not attempt in good faith to effectuate a prompt, fair or equitable processing of Plaintiff's claim when liability had become reasonably clear and

4

Defendant knew of Plaintiff's entitlement to the benefits;

c.     Defendant knowingly and wrongfully delayed and refused in making payments for benefits due to Plaintiff;

d.     Plaintiff is informed and believes, and upon that belief alleges that, Defendant breached their duty of good faith and fair dealing owed to the Plaintiff due to it's acts and/or omissions.

## XIX.

Defendant's actions constitute bad faith

## XX.

As a proximate result of Defendant's bad faith, Kelly Baier has experienced the following damages:

A.     Pecuniary loss;

B.     Mental and emotional distress;

C.     Great financial hardship.

## Punitive Damages

## XXI.

Plaintiff re-alleges Paragraphs I through XX above, and incorporates the same as though set forth at length.

## XXII.

Defendant has acted willfully, oppressively, maliciously, and with reckless disregard for the rights of Kelly Baier to the benefits promised him under the policy.

## XXIII.

Plaintiff asks for assessment of punitive damages in an amount necessary to deter Defendant

from similar future conduct, and to punish Defendant for its conduct in this case.

XXIV.

WHEREFORE, Kelly J. Baier requests an award in such amount determined by the jury, along with an assessment of such prejudgment interest, costs, and all other such relief as appropriate and just under the circumstances.

PLAINTIFF DEMANDS TRIAL BY JURY.

Dated this _27_ of October, 2009.

LaFleur, LaFleur & LaFleur, P.C.

_____
Jon J. LaFleur
706 St. Joseph Street
Rapid City, SD 57701
(605) 343-4322
ATTORNEYS FOR PLAINTIFF